UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-350-MOC-DSC

| | |
|---|---|
| A.P. ARCHITECTURE, INC., ) <br> ABHAY H. PRADHAM, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ADMIRAL INSURANCE CO., ) <br> RISKPRO INSURANCE ) <br> AGENCY, LLC, ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on a Motion to Dismiss for Failure to State a Claim, filed by Defendant Admiral Insurance Company ("Admiral"), (Doc. No. 5), and on a Motion to Change Venue, also filed by Defendant Admiral, (Doc. No. 6). The Court held a hearing on the motions on August 26, 2020.

### I. BACKGROUND AND DISCUSSION

In this declaratory judgment action, Plaintiffs A.P. Architecture, Inc. and architect Abhay H. Pradham seek a finding from this Court that Defendant Admiral is entitled to provide a defense and insurance coverage for an underlying negligence action against Plaintiffs currently pending in the Western District of Louisiana. In turn, Admiral has filed a motion to dismiss, contending that Plaintiffs failed to give timely notice of their insurance claim. At the hearing held on August 26, 2020, it became clear to the Court that there are issues of disputed fact related to the timeliness issue; thus, dismissal is not appropriate at this stage in the proceedings.

As to Admiral's motion to change venue, Plaintiffs are named as defendants in the

1

pending action in the Western District of Louisiana related to the alleged faulty construction and design of a Hampton Inn hotel in Opelousas, Louisiana. Admiral argues that, although it has not yet been named as a defendant in that action, the plaintiff in the Louisiana action is likely to name Admiral as a defendant soon.[1] Admiral, therefore, asks this Court to transfer this action to the Western District of Louisiana to avoid duplicative litigation and possibly inconsistent verdicts regarding insurance coverage. Defendants oppose the transfer of venue, arguing that it is premature because Admiral has not yet been named as a Defendant in the Louisiana action. This Court agrees that a change of venue is premature and will therefore deny Admiral's motion, subject to reconsideration if circumstances change—specifically, if Admiral is named in the Louisiana action.

## II. CONCLUSION

Defendant's motion to dismiss and motion to change venue are denied for the reasons stated herein.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Dismiss for Failure to State a Claim, filed by Defendant Admiral Insurance Company, (Doc. No. 5), is **DENIED**.

2. The Motion to Change Venue, also filed by Defendant Admiral, (Doc. No. 6), is also **DENIED** at this time, subject to reconsideration depending on changed circumstances in the underlying Louisiana action.

Signed: September 1, 2020

Max O. Cogburn Jr
United States District Judge